## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JASON LICHTENSTEIN, on his own behalf
and on behalf of those similarly situated,

            Plaintiff,

vs.

                              Case No.

ANUVIA PLANT NUTRIENTS CORPORATION,
and ANUVIA PLANT CITY, LLC,

            Defendants.

_____/

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff  JASON LICHTENSTEIN, on his own behalf and on behalf of those similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby sues Defendants Anuvia Plant Nutrients Corporation and Anuvia Plant City, LLC (collectively "Anuvia") and alleges as follows:

### INTRODUCTION

      1.    This is an action brought pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101, *et. seq*. ("WARN Act") and for unpaid wages. Anuvia is liable under the WARN Act for the failure to provide the Plaintiff and all others similarly situated at least 60 days' advance notice of their termination, as required by the WARN Act. Anuvia is liable for unpaid wages for failing to pay wages, including promised retention bonuses, due to Plaintiffs and all others similarly situated.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

3.    This Court has personal jurisdiction over Anuvia because it systematically and continuously engages in substantial interstate commercial conduct and business activity within Florida, operates facilities in Florida, including at 10609 Paul S Buchman Hwy., Plant City, FL 33565, and at 660 East County Line Road, Plant City, FL 33565, and because the case arises out of Anuvia's unlawful conduct within this District.

4.    Venue is proper in this Court because all facts material to all claims set forth herein occurred in Hillsborough County, Florida, where Anuvia operated a fertilizer manufacturing plant and is/was conducting business.

## PARTIES

5.    At all times material to this action, both Defendants are Delaware corporations, authorized to conduct business in Florida, with their principal place of business at 113 South Boyd Street, Winter Garden, FL 34787.

6.    Both Defendants have a registered agent located at **Corporation Service Company, 1201 Hays Street, Tallahassee, Fl 32301**.

7.    At all times material to this action, Plaintiffs were employees of Anuvia and Anuvia was the employer of Plaintiff for purposes of the WARN Act.

## GENERAL ALLEGATIONS

8.    Anuvia is a single business enterprise and joint employer for purposes

2

of the WARN Act which owns and, until on or about May 15, 2023, operated a fertilizer manufacturing plant at 10609 Paul S Buchman Hwy., Plant City, FL 33565 and a headquarters and research location at 113 South Boyd Street, Winter Garden, FL 34787 (the "Facilities").

9.    Plaintiffs were employed at the Facilities by Anuvia.

10.    On May 15, 2023, Anuvia informed their workers not to return to the Facility. During that week, Anuvia Corporate stated that the workers were still employed by the company, but they followed up with a form letter to terminate all remaining employees on the following Tuesday, May 23, 2023, at which point Anuvia permanently shut down operations.

11.    Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

12.    Plaintiffs demand a trial by jury on all claims alleged herein.

## CLASS ACTION ALLEGATIONS

13.    Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure for violations of the WARN Act on behalf of himself, and a class of employees who worked at or reported to the Anuvia's Facilities and were laid off without cause by Anuvia as part or as the reasonably foreseeable result of plant shutdowns or mass layoffs ordered by Anuvia at the Facilities (the "Class") on or about May 15, 2023.

14.    The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are approximately 150 potential

class members.

15.     There are questions of law and fact common to the Class Members, namely:

(a)     Whether the Class Members were employees of Anuvia who worked at or reported to Anuvia's Facilities;

(b)     Whether Anuvia ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act;

(c)     Whether Anuvia was subject to any of the defenses provided for in the WARN Act.

16.     The claims of the representative parties are typical of the claims of the Class, as they were laid off as part of the plant shutdown or mass layoff and did not receive the requisite notice.

17.     The representative parties will fairly and adequately protect the interests of the class.

18.     The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

19.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act and wage litigation – where the individual Plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and separate actions would create a risk of inconsistent or

varying adjudications with respect to individual class members and the adjudications with respect to individual class members would be dispositive of the interests of other members.

20.    Anuvia acted on grounds that apply generally to the class.

21.    There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a)    Whether the Class Members were employees of Anuvia who worked at or reported to Anuvia's Facilities;

(b)    Whether Anuvia ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act;

(c)    Whether Anuvia was subject to any of the defenses provided for in the WARN Act.

**COUNT I**
**VIOLATIONS OF THE WARN ACT AGAINST ANUVIA**

22.    Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 21 as if fully stated herein.

23.    Plaintiffs and other similarly situated employees were laid off as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

24.    At all relevant times, Anuvia employed 100 or more employees,

exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the Facilities.

25.    At all relevant times, Anuvia was an "employer" of the Class Members as that term is defined by the WARN Act.

26.    On or about March 16, 2020, Anuvia ordered "plant shutdowns" or "mass layoffs" as that term is defined by the WARN Act.

27.    Anuvia's actions at the Facilities resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

28.    Anuvia's termination of the Class Members' employment constituted plant shutdowns or mass layoffs as defined by the WARN Act.

29.    The Plaintiffs and each of the Class Members who were employed by Anuvia and then terminated by Anuvia as a result of Anuvia's executing plant shutdowns or mass layoffs at the Facilities were "affected employees" as defined by the WARN Act.

30.    The Plaintiffs and each of the Class Members are "aggrieved employees" of Anuvia as that term is defined by the WARN Act.

31.    Pursuant to the WARN Act, Anuvia was required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) days prior notice was not given.

32.    Anuvia failed to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act.

33.    Anuvia failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective layoffs ,and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

34.    As a result of Anuvia's failure to pay the wages, benefits and other monies as asserted, the Plaintiffs and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the their terminations.

35.    All administrative notice requirements and prerequisites have been satisfied.

36.    Anuvia's failure to provide Plaintiffs advanced written notice of their  layoffs constitutes a violation of the WARN Act.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

(a)    An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C §2104(a)(1)(A);

(b)    Certification that, pursuant to Fed.R.Civ.P. 23(a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single class;

(c)    Designation of Plaintiff LICHTENSTEIN as Class Representative;

(d)    Appointment of the undersigned attorneys as Class Counsel;

(e)    Interest as allowed by law on the amounts owed under the preceding paragraphs;

(f)    The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

(g)    Such other and further relief as this Court may deem just and proper.

## COUNT II
## UNPAID WAGES

37.    Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 21 as if fully stated herein.

38.    Plaintiffs, and others similarly situated, were promised retention bonuses, which constitute wages for purposes section 448.08, Florida Statues, in consideration for the workers continuing to provide services.  These retention bonuses were due to be paid on or before June 23, 2023.

39.    Despite an agreement with Anuvia to receive the promised retention bonuses, Anuvia breached the agreement by failing to pay Plaintiffs, and others similarly situated, the retention bonus.

40.     Plaintiffs, and others similarly situated, have been damaged as result of Anuvia's breach.

WHEREFORE, Plaintiffs, and all others similarly situated, respectfully pray that the Court award the following relief:

a)    A judgment that Anuvia breached their employment agreements by failing to pay wages due;

b)    Damages for the amount of unpaid compensation owed to Plaintiffs and all other similarly situated;

c)    Post-judgment interest, reasonable attorneys' fees and costs pursuant to section 448.08, Florida Statues; and

d)    Any other additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand a jury trial on all issues so triable as of right.

Dated: June 26, 2023

Respectfully submitted,

*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
**LECHNER LAW**
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
Telephone: (813) 842-7071
Facsimile: (813) 225-1392
jplechn@jaylechner.com
admin@jaylechner.com
*Lead Counsel for Plaintiff*