# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JASON LICHTENSTEIN, on his own behalf
and on behalf of those similarly situated,

    Plaintiff,

vs.                                                                                 Case No. 8:23-cv-01423-CEH-AAS

ANUVIA PLANT NUTRIENTS CORPORATION,
and ANUVIA PLANT CITY, LLC,

    Defendants.
_____/

## MOTION FOR DEFAULT JUDGMENT
## AGAINST ANUVIA PLANT NUTRIENTS CORPORATION
## AND ANUVIA PLANT CITY LLC

Plaintiff, pursuant to M.D. Local Rule 1.10 and Fed.R.Civ.P. 55(b), hereby moves for Default Judgment against Defendants ANUVIA PLANT NUTRIENTS CORPORATION and ANUVIA PLANT CITY, LLC because service of process was effected on July 18, 2023, a Clerk's Default was entered on August 22, 2023 against both Defendants, but no appearance or response was made by either Defendant, and damages are readily ascertainable and supported by the attached Plainitff's Declaration.

## I.     LEGAL STANDARD

Rule 55 establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. Fed.R.Civ.P.

55(a). Second, after receiving the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the Court may enter a default judgment against the defendant for not appearing. Fed.R.Civ.P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue. *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

## II. DEFAULT JUDGMENT IS APPROPRIATE

Service of process was effected on July 18, 2023 upon the registered agents of Defendants ANUVIA PLANT NUTRIENTS CORPORATION and ANUVIA PLANT CITY, LLC. The Returns of Service have been filed with Court. [See Docs. 11 & 14] A Clerk's Default was entered on August 22, 2023 against both Defendants, but no appearance or response was made by either Defendant.

Damages are readily ascertainable. The Complaint contains two counts: (1) violation of the WARN Act; and (2) unpaid wages/failure to pay retention bonus. Plaintiff is submitting an affidavit showing the amounts due and the following facts:

At all times material to this action, Plaintiff was an employee of ANUVIA PLANT NUTRIENTS CORPORATION, and ANUVIA PLANT CITY, LLC (collectively, "Anuvia"), which were his joint employers. [Dec., ¶ 4]

### A. <u>WARN ACT</u>

The purpose of the Worker Adjustment and Retraining Notification Act is to

protect workers and their families by providing them with advance notice of a layoff. 20 C.F.R. § 639.1(a). To that end, the WARN Act mandates that "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order" to each affected employee. 29 U.S.C. § 2102(a)(1). This 60-day notice requirement is the minimum. 20 C.F.R. § 639.2.

The WARN Act's requirements apply to employers which employ: (1) 100 or more employees, excluding part-time employees; and (2) 100 or more employees who in the aggregate work at least 4,000 hours per week [exclusive of overtime]. 29 U.S.C. § 2101(a)(1)(A), (B). If an employer fails to give the requisite notice, the employees may sue for backpay for each day of the violation. *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 545–546 (1996).

### 1. Background

On May 15, 2023, Anuvia informed Plaintiff and other workers not to return to work. During that week, Anuvia Corporate stated that they were still employed by the company, but Anuvia followed up with a form letter to terminate all remaining employees on the following Tuesday, May 23, 2023, at which point Anuvia permanently shut down operations. [Dec., ¶ 5] Plaintiff was laid off as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which he is entitled to receive 60 days advance written notice under the WARN Act. [Dec., ¶ 6]

On or about March 16, 2020, Anuvia ordered "plant shutdowns" or "mass

layoffs" as that term is defined by the WARN Act. [Dec., ¶ 8] At all relevant times, Anuvia employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the Facilities. [Dec., ¶ 7] Anuvia failed to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act. [Dec., ¶ 10]

Anuvia's actions resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce (including me), and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given. [Dec., ¶ 9]

### 2. Damages

As a result of Anuvia's failure to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act, Plaintiff is entitled to sixty (60) days of salary. [Dec., ¶ 11] His WARN Act monetary damages are $20,833.33, which is calculated as follows:

a.  Plaintiff's annual salary was $125,000/year.

b.  Divided by twelve, his monthly salary was $10,416.67.

c.  Sixty days of salary is $20,833.33 ($10,416.67 x 2). [Dec., ¶ 12]

### B. UNPAID WAGES/FAILURE TO PAY RETENTION OFFER

Plaintiff's unpaid wages claim sounds in breach of contract. Fla. Stat. § 448.08 provides for attorneys' fees and costs to prevailing parties for claims of "unpaid wages." However, Section 448.08 is not an independent cause of action, and a plaintiff must assert "some other law" as a vehicle to pursue its unpaid wages claim. Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1270-71 (11th Cir. 2009). Common law claims, such as breach of contract (as asserted here), constitute "some other law" that can be alleged to recover unpaid wages in Florida. *Id.* at 1271.

#### 1. Background

Anuvia promised to pay Plaintiff a retention bonus of $15,000.00, which constitutes wages for purposes section 448.08, Florida Statues, in consideration for him continuing to provide services. This retention bonus was due to be paid on or before June 23, 2023. [Dec., ¶ 13] Plaintiff performed his duties under this agreement by continuing to provide services to Anuvia. Despite the agreement with Anuvia to receive the promised retention bonuses, Anuvia breached the agreement by failing to pay Plaintiff the retention bonus. [Dec., ¶ 14]

#### 2. Damages

Plaintiff has been damaged as result of Anuvia's breach as follows: Anuvia promised to pay him a retention bonus of $15,000.00, which is the amount of damages owed to Plaintiff based upon Anuvia's breach. [Dec., ¶ 15]

### III. CONCLUSION

The amount owed to Plaintiff based upon Anuvia's legal violations set forth

in this action is $35,833.33 ($20,833.33 + $15,000.00). [Dec., ¶ 16] Plaintiff also is seeking recovery of attorneys' fees and litigation costs pursuant to the WARN Act and Section 448.08, Florida Statues. Plaintiff will file a separate motion relating to these sums.

For the foregoing reasons, Plaintiff respectfully requests that Default Judgment be entered against Defendants ANUVIA PLANT NUTRIENTS CORPORATION and ANUVIA PLANT CITY, LLC in the sum of $35,833.33, plus attorneys' fees and costs to be determined later.

Respectfully submitted,

*/s/ Jay P. Lechner*
**LECHNER LAW**
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
Telephone: (813) 842-7071
jplechn@jaylechner.com
admin@jaylechner.com
*Lead Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of September, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of filing via electronic mail to all counsel of record.

*/s/ Jay P. Lechner*
Attorney

6