UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON LICHTENSTEIN, on his
own behalf and on behalf of those
similarly situated,

    Plaintiff,

v.                                        Case No.: 8:23-cv-1423-CEH-AAS

ANUVIA PLANT NUTRIENTS
CORPORATION, and ANUVIA
PLANT CITY, LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jason Lichtenstein moves for entry of default judgment against Defendants Anuvia Plant Nutrients Corporation and Anuvia Plant City, LLC (collectively, Anuvia). (Doc. 18). Anuvia did not respond to Mr. Lichtenstein's motion for default judgment. The undersigned **RECOMMENDS** that Mr. Lichtenstein's motion (Doc. 18) be **GRANTED.**

## I.    BACKGROUND

Mr. Lichtenstein sued Anuvia for: (1) violation of the WARN Act (count I); and (2) unpaid wages (count II). (Doc. 1). Service of process was effectuated on July 18, 2023 on Anuvia's registered agents.[1] (*See* Docs. 11, 14). After

---

[1] Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served under state procedures "for serving a summons in an action brought in courts of general

1

Anuvia failed to timely appear, a Clerk's default was entered on August 22, 2023. (Doc. 17).

Mr. Lichtenstein now moves for default judgment against Anuvia on both counts. (Doc. 18). Anuvia did not respond, and the time to do so has expired. *See* Local Rule 3.01(c), M.D. Fla.[2]

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant if the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

---

jurisdiction in the state where the district court is located or where service is made." FLA. STAT. § 48.081 governs service on Florida corporations. Service may be made on a corporation through its registered agent. FLA. STAT. § 48.081(3)(a).

[2] Because Anuvia failed to timely respond to Mr. Lichtenstein's motion for default judgment, the court may treat the motion as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment under Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

### III. ANALYSIS

Mr. Lichtenstein requests final default judgment against Anuvia for violating the WARN Act, and for related damages of $20,833.33. (Doc. 18, pp. 2–4). Mr. Lichtenstein also requests default judgment against Anuvia for failure to pay unpaid wages of $15,000.00. (*Id.*, p. 5).

#### A. The WARN Act

The WARN Act "provides protection to workers, their families and communities by requiring employers to provide notification 60 calendar days

3

in advance of plant closings and mass layoffs." 20 C.F.R. § 639.1(a). "Advance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." *Id.*

The WARN Act allows "aggrieved employees" who suffer an "employment loss" to file a civil action against an "employer" that orders a "plant closing" or "mass layoff" without giving its employees 60-days advance notice. *See* 29 U.S.C. § 2104(a). The Act provides that "[a] person seeking to enforce such liability . . . may sue either for such person or for other persons similarly situated, or both, in any district court . . . in which the violation is alleged to have occurred, or in which the employer transacts business." 29 U.S.C. § 2104(a)(5).

The Act defines an "aggrieved employee" as "an employee who has worked for the employer ordering the plant closing or mass layoff and who, as a result of the failure by the employer to comply [with the statutory notice requirement], did not receive timely notice . . ." 29 U.S.C. § 2104(a)(7). This includes "managerial and supervisory employees but does not include business partners." 20 C.F.R. § 639.3(e). The Act defines "employment loss" as an "employment termination, other than a discharge for cause, voluntary departure, or retirement." 29 U.S.C. § 2104(a)(6). The Act defines an

4

"employer" as "any business enterprise that employs . . . 100 or more employees." 29 U.S.C. § 2101(a)(1)(A). The Act defines a "plant closing" to mean "the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment." 29 U.S.C. § 2101(a)(2). The Act defines a "mass layoff" as a reduction in force that "results in an employment loss at the single site of employment during any 30-day period for . . . at least 33 percent of the employees . . . and at least 50 employees." 29 U.S.C. § 2101(a)(3)(A)-(B).

On May 15, 2023, Anuvia informed Mr. Lichtenstein and other workers not to return to work. Anuvia followed up with a form letter terminating all remaining employees on May 23, 2023, when the plant permanently shut down operations. (Doc. 18-1, ¶ 5). Mr. Lichtenstein was laid off as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which he is entitled to receive 60 days advance written notice under the WARN Act. (*Id.*, ¶ 6).

On March 16, 2020, Anuvia ordered "plant shutdowns" or "mass layoffs" as defined by the WARN Act. (*Id.*, ¶ 8). At all relevant times, Anuvia employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed over 50 employees at the facilities. (*Id.*, ¶ 7). Anuvia

5

failed to give at least 60 days' notice of the layoff in violation of the WARN Act. (*Id.*, ¶ 10).

Because Mr. Lichtenstein has "alleged sufficient facts to state a plausible claim for relief," a motion for default judgment is warranted. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Because of Anuvia's failure to give at least 60 days' notice of the layoff in violation of the WARN Act, Mr. Lichtenstein is entitled to 60 days of salary. (*Id.*, ¶ 11). Mr. Lichtenstein's requests WARN Act damages of $20,833.33 ($125,000.00 (annual salary) ÷ 12 (months per year) = $10,416.67 x 2 (months) = $20,833.33). (*Id.*, ¶ 12). Mr. Lichtenstein's calculation does not account for some months not having exactly 30 days. The proper calculation of damages under the WARN Act is $20,547.95 ($125,000.00 ÷ 365 (days per year) x 60 (days) = $20,547.95). Thus, the undersigned recommends the court award Mr. Lichtenstein damages against Anuvia for violations of the WARN Act in the amount of $20,547.95.

**B.     Unpaid Wages**

Mr. Lichtenstein brings his claim for unpaid wages under FLA. STAT. § 448.08. (*See* Doc. 1, p. 9). Although FLA. STAT. § 448.08 does not create an action for unpaid wages, when confronted with a claim for unpaid wages under Florida law, asserting only § 448.08 as the basis for such claim, courts analyze the claim under Florida common law. *See, e.g.*, *Perez v. Mediglez Wellness Ctr.*,

6

*Inc.*, No. 8:12-cv-2751-T-33EAJ, 2013 WL 5566183, at *4 (M.D. Fla. Oct. 8, 2013) (citations omitted).

Claims for unpaid wages under Florida common law are typically pleaded as breach of contract claims. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1271 (11th Cir. 2009). To state a valid breach of contract claim, "Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Id.* at 1272 (citation omitted).

Anuvia promised to pay Mr. Lichtenstein a retention bonus of $15,000.00, which constitutes wages for purposes FLA. STAT. § 448.08, in consideration for Mr. Lichtenstein continuing to provide services.[3] This retention bonus was to be paid by June 23, 2023. (Doc. 18-1, ¶ 13). Mr. Lichtenstein performed his duties under this agreement by continuing to provide services to Avuvia. Despite the agreement with Anuvia to receive the retention bonus, Anuvia breached the agreement by failing to pay Mr.

---

[3] Florida law construes wages under § 448.08 to include any compensation paid by an employer for the performance of service by an employee. *Short v. Bryn Alan Studios, Inc.*, No. 8:08-CV-145-T-30TGW, 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008) (citations omitted); *see Gulf Solar, Inc. V. Westfall*, 447 So.2d 363, 366 (Fla. 2d DCA 1984) (applying the definitions given in FLA. STAT. § 443.036(31)(a) and Black's Law Dictionary, the court found that "commissions are wages as that word is used in Section 448.08"); *Ocean Club Cmty. Ass'n, Inc. v. Curtis*, 935 So.2d at 516 (same); *Cmty. Design Corp. v. Antonell*, 459 So.2d 343, 346 (Fla. 3d DCA 1984) (same); *Ferry v. XRG Intern., Inc.*, 492 So.2d 1101, 1102 (Fla. 4th DCA 1986) (same); *Elder v. Islam*, 869 So.2d 600, 601-02 (Fla. 5th DCA 2004) (same).

7

Lichtenstein the bonus. (*Id.*, ¶ 14). Mr. Lichtenstein is damaged as result of Anuvia's breach in the amount of $15,000.00. (*Id.*, ¶ 15). Thus, the undersigned recommends the court award Mr. Lichtenstein damages against Anuvia for $15,000.00.

In an action for unpaid wages, FLA. STAT. § 448.08 provides that a "court may award to the prevailing party . . . costs of the action and a reasonable attorney's fee." FLA. STAT. § 448.08 "authorizes, but does not require, an award of attorney's fees for the prevailing party in an action for unpaid wages." *Williams v. Fla. Mem'l Coll.*, 453 So.2d 541, 542 (Fla. 3d DCA 1984). The undersigned recommends the court find Mr. Lichtenstein is entitled to reimbursement of his reasonable attorney's fees and costs as the prevailing party in this action against Anuvia.

    **C.**    **Evidentiary Hearing**

Mr. Lichtenstein demonstrated the court need not conduct an evidentiary hearing to calculate the damages. The complaint, motion for default judgment, and declaration adequately show the claimed damages, that the damages are capable of precise mathematical calculation, and that the damages are reasonable. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (finding that a court may grant default judgment and award damages without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation").

8

## IV. CONCLUSION

For the reasons stated, it is respectfully **RECOMMENDED** that Mr. Lichtenstein's motion for default judgment (Doc. 18) be **GRANTED** as follows:

(1) Under the WARN Act, damages be awarded for Mr. Lichtenstein and against Anuvia for **$20,547.95** for Count I.

(2) Under FLA. STAT. § 448.08, damages be awarded for Mr. Lichtenstein and against Anuvia for **$15,000.00** for Count II.

(3) Mr. Lichtenstein is entitled to attorney's fees and taxable costs against Anuvia in an amount to be established by separate motion, if appropriate.

**ENTERED** in Tampa, Florida on October 26, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge

9

on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:

Anuvia Plant Nutrients Corporation
c/o Corp. Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301

Anuvia Plant Nutrients Corporation
113 South Boyd Street
Winter Garden, FL 34787

Anuvia Plant City, LLC
c/o Corp. Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301

Anuvia Plant City, LLC
113 South Boyd Street
Winter Garden, FL 34787